UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO MIRANDA,<br><br>          Petitioner,<br><br>    vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Respondent. | Case No. CV 12-6539-GHK (RNB)<br><br>ORDER TO SHOW CAUSE |

On July 26, 2012,[1] petitioner lodged for filing herein a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet."). The Petition purports to be directed to a 2008 conviction sustained in Los Angeles County Superior Court, for which petitioner was sentenced on July 9, 2009. It appears that the claims being alleged by petitioner correspond to the claims that petitioner presented in his Petition for Review to the California Supreme Court. According to the California Appellate Courts website, the Petition for Review was denied on April 20, 2011.

---

    [1] The Court notes that the Petition does not include a proof of service page. Moreover, it appears from the Express Mail envelope in which the Petition was received that it was mailed by a person named "Blanca Miranda" on July 25, 2012 from outside the prison. Accordingly, it does not appear to the Court that the prison mailbox rule applies here.

1

The Court's review of the Petition reveals that it suffers from two deficiencies.

First, the Petition improperly names the People of the State of California as the respondent. The only appropriate respondent is the state officer who currently has custody over petitioner. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2242; Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717-18 (2004). The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).[2]

While the foregoing deficiency is capable of being cured by amendment, the same cannot be said of the second deficiency. Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[3] 28 U.S.C. § 2244(d) provides:

"(1)   A 1-year period of limitation shall apply to an application

---

[2]   Since it appears from the face of the Petition that petitioner currently is incarcerated at the Men's Central Jail facility in Los Angeles, it is unclear to the Court who the proper respondent is here and the Court suspects that it likewise is unclear to petitioner who the proper respondent is here. However, since petitioner does not fit under examples (1) or (2) of the examples provided in the Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, it appears to the Court that the proper respondent may be the California Attorney General.

[3]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

 (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Here, as noted above, the California Supreme Court denied petitioner's Petition for Review on April 20, 2011. Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on July 19, 2011, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999);

Beeler, 128 F.3d at 1286 n.2. Thus, if measured from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review," petitioner's last day to file his federal habeas petition was July 19, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of both of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Indeed, as noted above, the claims being alleged by petitioner herein correspond to the claims that petitioner presented in the Petition for Review to the California Supreme Court that he filed prior to the date his judgment of conviction became final.

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was July 19, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. In response to the question on the habeas petition form asking whether petitioner previously filed any habeas petitions in any state court with respect to this judgment of conviction, petitioner checked off the "no" box. (See Pet. at ¶ 6.)

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Holland, 130 S. Ct. at 2562. The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" See Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda, 292 F.3d at 1066. Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, petitioner has not purported to make the requisite showing for equitable tolling in the Petition. The Court also notes in this regard that neither limited education, nor difficulty reading and comprehending English, nor lack of legal experience or training, nor ignorance of the law, nor limited access to the prison law library constitutes an "extraordinary circumstance" entitling petitioner to any

equitable tolling of the limitation period. See, e.g., Ramirez, 571 F.3d at 998 ("Ordinary prison limitations on Ramirez's access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Gazzeny v. Yates, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); Wilder v. Runnels, 2003 WL 22434102, at *3 (N.D. Cal. Oct. 22, 2003) ("[L]ockdowns, placement in administrative segregation/solitary confinement, and other common restrictions on access to the law library and legal assistant programs, generally do not qualify as 'extraordinary circumstances.'"); Ekenberg v. Lewis, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Ciria v. Cambra, 1998 WL 823026, at *2-*3 (N.D. Cal. Nov. 10, 1998) (no equitable tolling where petitioner alleging limited law library access, inadequacy of available legal materials, and his limited command of the English language); Bolds v. Newland, 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances.").

Thus, it appears to the Court that, when the Petition was received for filing on July 26, 2012, it was untimely by seven days. Although seven days is not a significant amount of time, as the Supreme Court observed in United States v. Locke, 471 U.S. 84, 101, 105 S. Ct. 1785, 85 L. Ed. 2d 64 (1985):

> "[R]egardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of

> a filing deadline is to have any content, the deadline must be enforced. . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late--even by one day."

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **September 4, 2012**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: August 6, 2012

*/s/ Robert N. Block*
_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE